NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 23 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GARMINDER SINGH, | No. 17-71173 |
| Petitioner, | Agency No. A071-569-005 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 18, 2019**

Before:     FARRIS, TASHIMA, and NGUYEN, Circuit Judges.

Garminder Singh, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's decision denying his motion to reopen exclusion proceedings conducted in

absentia. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of

discretion the denial of a motion to reopen, and review de novo questions of law

---

*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**     The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

and constitutional claims. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

The agency did not err or abuse its discretion in denying Singh's motion to reopen exclusion proceedings held in absentia where Singh failed to show reasonable cause for his failure to appear. *See* 8 C.F.R. § 1003.23(b)(4)(iii)(B). We lack jurisdiction to consider Singh's unexhausted contentions regarding whether he was advised of the year of the hearing at which he was ordered excluded, or whether it was to be at 9:00 a.m. or 9:00 p.m. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010).

Contrary to Singh's contentions, the agency sufficiently considered his evidence; considered his contentions, including those regarding the conduct of his prior representative and his continuance request; and articulated its reasoning in denying the motion. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010).

Singh has failed to show the agency violated due process in not producing hearing transcripts, or in declining to reschedule his August 9, 2016, hearing on the motion to reopen. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (to prevail on a due process challenge, a petitioner must show error and substantial prejudice).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**